UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AARON KEY, OTTONE GURALY,
DIANA ZACHER, NIKOLETT
GURALY, ANGELA GURALY, and
OTTO GURALY,

    Plaintiffs,

v.                                             Case No. 8:19-cv-01342-T-60JSS

KEVIN MCALEENAN, Acting
Secretary, Department of Homeland
Security; L. FRANCIS CISSNA,
Director, Citizenship and Immigration
Services,

    Defendant.
_____/

## **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

This matter is before the Court on Defendants' motion to dismiss the complaint as moot. (Doc. #12). Plaintiffs filed a response in opposition on October 8, 2019. (Doc. #18). After reviewing the motion, response, court file, and record, the Court grants Defendants' motion.

## **Background**

Ottone Guraly is a citizen of Hungary. Upon her arrival in the United States, she married Aaron Key, a U.S. citizen. Subsequently, Key filed immigration visa petitions on behalf of Guraly and her four minor children (hereafter "Plaintiffs"). Plaintiffs were granted conditional permanent status in 2014. In 2016, Plaintiffs filed a Form I-751 seeking to remove the conditions placed on their resident status.

1

U.S. Citizenship and Immigration Services approved their Form I-751 petition on April 5, 2018, and issued separate Notices of Action to Plaintiffs. However, Plaintiffs did not receive their Alien Registration Cards ("ARCs") to replace their expired "Green Cards" that were initially issued to them upon their admission to the United States as conditional residents. Rather, on April 18, 2019, Citizenship and Immigration Services informed Plaintiffs it was reopening their Form I-751 petitions and issued a decision terminating Plaintiffs' conditional resident status.

On June 3, 2019, Plaintiffs filed this action requesting that the Court either (1) issue a writ of mandamus compelling Defendants to issue Plaintiffs their ARCs, or, in the alternative, (2) require the agency to place Plaintiffs in removal proceedings.[1] Defendants moved to dismiss Plaintiffs' complaint because Plaintiffs' placement in removal proceedings constitutes receipt of their remedy and leaves the Court without an actual case and controversy to adjudicate. Plaintiffs' response in opposition alleges that Plaintiffs' placement in removal proceedings does not mean there is no case and controversy.

## **Legal Standard**

The Constitution of the United States limits the jurisdiction of federal courts to actual cases and controversies. *See* U.S. Const., art. III, § 2, cl. 1; *Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1217 (11th Cir. 2000) ("[a]ny decision on the merits of a moot case or issue would be

---

[1] While Plaintiffs request both remedies, their complaint makes it clear that Plaintiffs do not see the second remedy as an equal substitute for the first, but rather as a remedy of last resort if the Court were to not deny their primary remedy.

2

an impermissible advisory opinion"). A case is "moot" where a change in circumstances results in the litigation no longer presenting a live controversy, thus making it impossible for the Court to fashion meaningful relief. *See Bennett v. Jefferson Cty., Ala.*, 899 F.3d 1240, 1245 (11th Cir. 2018) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n.22 (1997)); *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

## **Discussion**

Upon review, the Court finds it does not have subject matter jurisdiction in this case. A writ of mandamus is only an appropriate means of relief where (1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available. *Gupta v. U.S. Atty. Gen.*, 439 F. App'x. 858, 860–61 (11th Cir. 2011) (quoting *Cash v. Barnhart*, 327 F.3d 1252, 1258 (11th Cir. 2003)). Here, Plaintiffs have access to remaining alternate remedies to adjust their status in removal proceedings; they must exhaust all such remedies before bringing a claim in federal court. *See id.* at 860–61.

Further, now that Plaintiffs are in removal proceedings, Defendants by law cannot provide the requested relief because the United States Immigration Court "has exclusive jurisdiction to adjudicate any application for adjustment of status the alien may file." *See* 8 C.F.R. § 1245.2(a)(1). As a result, even if the Court theoretically were to issue the writ of mandamus that Plaintiffs request, Defendants could not comply with the Court's Order. *Id.* at 860 (citing *Nyaga v. Ashcroft*, 323 F.3d 906, 916 (11th Cir. 2003) (ruling that, if an agency cannot

3

provide the requested relief, the court should dismiss the mandamus action as moot)). Consequently, there is no meaningful relief that the Court can provide, and the case must be dismissed as moot.

It is hereby **ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The Defendants' Motion to Dismiss is **GRANTED**. This case is **DISMISSED**.

(2) The Clerk is directed to terminate all pending motions and close this case.

**DONE** and **ORDERED** in Chambers in Tampa, FL this 15th day of October, 2019.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**